**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:26-CR-22** |
| | § | |
| | § | |
| | § | |
| **DVEAUNTA MONTEZ HALL** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 10, 2026, alleging that the Defendant, Dveaunta Montez Hall, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

## I.  The Original Conviction and Sentence

Hall was sentenced on March 18, 2019, before The Honorable John D. Rainey in the Southern District of Texas District, Corpus Christi Division, after pleading guilty to Count 1 (Interfere with Commerce by Threat or Violence – Robbery, a Class C Felony), and Count 4 (Brandish a Firearm During and in Furtherance of a Crime of Violence – Robbery, a Class A felony). Count 1 carried a statutory maximum imprisonment term of 20 years and Count 4 carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months. Hall was subsequently sentenced to 16 months' imprisonment as to Count 1 and 84 months' imprisonment

1

as to Count 4, to be served consecutively for a total of 100 months; followed by a 3-year term of supervised release in Count 1, and 5 years in Count 4, to be served concurrently.  He is subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment; not possess any controlled substance without a valid prescription; not use or possess alcohol; not use any psychoactive substances; mental health treatment; must take all mental-health medications that are prescribed; and a $200 total special assessment fee.

## II.  The Period of Supervision

On December 10, 2025, Hall completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Beaumont Division.  On or about March 2, 2026, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising seven allegations.  The petition alleges that Hall violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant must not unlawfully possess a controlled substance.

Allegation 3.  The Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Allegation 4. The Defendant must notify the probation officer within 72 hours if arrested or questioned by a law enforcement officer.

Allegation 5.  The Defendant must refrain from the unlawful use of a controlled substance.

Allegation 6.  The Defendant must submit to substance abuse testing to determine if he has used prohibited substances and must pay the cost of the testing if financially able.  He must not attempt to obstruct or tamper with the testing methods.

Allegation 7. The Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so.

## IV.  Proceedings

On March 31, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the seventh allegation that claimed he failed to obtain employment or provide proof of efforts to secure a lawful job.   In return, the parties agreed that he should serve a term of 10 months' imprisonment, with two years of supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised

3

release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offenses of conviction were Class C and A felonies; therefore, the maximum imprisonment sentence is 2 years on Count 1, and 5 years on Count 4, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to have full time employment as instructed by his probation officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for these offenses is not more than 3 years in Count 1, and not more than 5 years in Count 4.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing  Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to obtain employment as instructed by his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is II. The policy statement range in the Guidelines Manual is 4 to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 10 months of imprisonment and two years of supervised release to follow. The recommended sentence for Counts 1 and 4 should run concurrently with each other and consecutively to any other imprisonment term.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to obtain employment as directed by his

probation officer.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 10 months' imprisonment with two years of supervised release to follow.  The recommended sentence should be imposed for Counts 1 and 4 and run concurrently with each other and consecutively to any other imprisonment term.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.  The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed.  Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 9th day of April, 2026.

Zack Hawthorn
United States Magistrate Judge